# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

**JAMELL M. COOPER,**
**# T71812**

      **Plaintiff,**

**vs.**                                   **Case No. 4:20cv191-TKW-MAF**

**JOHN DOE WARDEN, et al.,**

      **Defendants.**
_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate proceeding pro se and with in forma pauperis status, was permitted to proceed without payment of the previously assessed initial partial filing fee.  ECF No. 11.  That Order, however, directed Plaintiff to file a signed, complete copy of the Prisoner Consent Form.  He was directed to sign and return the form to the Clerk's Office by June 29, 2020.  ECF No. 11 at 8.  As of this date, he is not complied.

More problematic is the fact that Plaintiff's civil rights complaint, ECF No. 1, was deemed to be insufficient to proceed.  ECF No. 11.  The various deficiencies with his complaint were explained, and Plaintiff was required to

file an amended complaint by the same June 29, 2020, deadline.  ECF No.
11.  Again, Plaintiff has not complied.

Notably, Plaintiff had alleged that a violent, "predator inmate" was
wrongfully housed in an open bay dormitory.  ECF No. 1 at 6.  On the
evening of August 29, 2018, Plaintiff was stabbed by that inmate.  *Id.*
Plaintiff was taken to medical and given treatment, then placed in
confinement.  *Id.*  Plaintiff states that he and the other inmate were given
disciplinary reports for fighting, but Plaintiff contends that only the other
inmate should have been disciplined.  Plaintiff claims the disciplinary report
was falsely issued to cover up the stabbing incident as a fight.  *Id.*
Plaintiff's grievances were denied and his request to have the security
video preserved was not timely answered, which Plaintiff alleges caused
the loss of evidence.  *Id.* at 7.

As for Plaintiff's claim that prison officials were deliberately indifferent
to a risk of harm by placing the other inmate in an open bay dormitory, he
alleged that the inmate's violent history was known, but reasonable steps
were not taken to prevent the risk of harm.  ECF No. 1 at 7.  In general,
such a claim may form the basis for a civil rights complaint, but Plaintiff's
complaint is insufficient because he did not allege factual allegations to

demonstrate the involvement of any persons listed as Defendants.

Plaintiff's complaint primarily provides factual allegations concerning

Captain Dawsey, *see* ECF No. 1 at 6, but that officer is not named as a

Defendant.  Because Plaintiff did not allege facts showing that a specific,

named Defendant was aware of the risk of harm, but was deliberately

indifferent to that risk when making the housing assignment, the complaint

is insufficient to proceed.

Therefore, because Plaintiff failed to file an amended complaint as

directed, it appears that he has abandoned this litigation.  Moreover,

because the initial complaint is insufficient to state a claim against the

named Defendants, this case should be dismissed for failure to state a

claim upon which relief may be granted.

**RECOMMENDATION**

In light of the foregoing, it is respectfully **RECOMMENDED** that

Plaintiff's complaint, ECF No. 1, be **DISMISSED** for failure to state a claim

upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and

that the Order adopting this Report and Recommendation direct the Clerk

of Court to note on the docket that this cause was dismissed pursuant to 28

U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on July 21, 2020.


 S/    Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**



## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. See 11th Cir. Rule 3-1; 28 U.S.C. § 636.**